1    iCommLaw
     ANITA TAFF-RICE, SBN 186039
2    1547 Palos Verdes #298
     Walnut Creek, CA 94597
3    Telephone: (415) 699-7885
     Facsimile: (925) 274-0988
4    Email: anita@icommlaw.com

5    Attorneys for Plaintiff
        O1 COMMUNICATIONS, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      (San Francisco Division)

11   O1 COMMUNICATIONS, INC.,

12                                              CASE NO.

13       *Plaintiff,*

14             v.                               COMPLAINT

15   PEERLESS NETWORK, INC AND                  DEMAND FOR JURY TRIAL
     PEERLESS NETWORK OF CALIFORNIA,
16   INC.

17       *Defendants*

18       O1 Communications, Inc. ("O1"), by and through its attorneys, brings this

19   Complaint against Peerless Network, Inc. and Peerless Network of California, LLC

20   (together referred to as "Peerless") and alleges as follows:

21                      **NATURE OF THE ACTION**

22       1.      O1 brings this action to collect payments that Peerless has refused to make to

23   O1 for telecommunications termination services provided by O1 to Peerless from July 2011 to

24   the present. Peerless is aware that it is directing traffic to O1, and that O1 is terminating the

25   traffic. Under federal and state law, O1 must terminate the traffic forwarded from Peerless'

26   customers to O1's customers. O1 has billed Peerless each month for the services it provides.

27   The charges are set forth in O1's tariffs which have been on file with the Federal

28   Communications Commission ("FCC") and the California Public Utilities Commission

                                                                    COMPLAINT

                                        1

1  ("CPUC") at all times since July 2011.  O1 has billed Peerless more than $1.5 million, but

2  Peerless has paid only a *de minimis* amount and refused to pay anything more.  By its failure to

3  pay, Peerless has violated O1's tariffs.  O1 seeks recovery of amounts it is owed for services it

4  has already provided, and a declaratory judgment that Peerless must pay O1 for future

5  termination services for telecommunications traffic that Peerless continues to send to O1, as

6  well as attorney's fees and costs associated with this Complaint.

7        2.        O1 provides services to Peerless and imposes charges that are generally

8  referred to as "intercarrier compensation," which are owed when one carrier delivers a call

9  that is destined for a customer of a second carrier.  The carrier sending the traffic pays the

10  receiving carrier to compensate it for completing or "terminating" the call.  The per-minute

11  rate paid by the sending carrier depends on the jurisdiction of the call – local, or long distance

12  (intrastate or interstate).  For local calls, the terminating charge is called "reciprocal

13  compensation".  For long distance calls, the terminating charge is called "switched access,"

14  or "terminating access" and the jurisdiction of each call is based on whether the calling and

15  called parties are located in the same state or in different states.   This Complaint generally

16  refers to O1's charges as "termination charges."

17        3.        O1 and Peerless' networks are not directly connected.  Rather, Peerless delivers

18  its traffic to O1's network through connections between Peerless and intermediate switches

19  known as tandem switches.  Both Peerless and O1 are directly connected to tandem switch and

20  tandem switching services are provided by AT&T and Verizon.  The tandem switching enables

21  Peerless and O1 to exchange traffic indirectly.

22        4.        Because O1 has lawful tariffs on file with the applicable regulatory commissions

23  and those tariffs set forth rates, terms and conditions that apply to the Peerless traffic, Peerless

24  owes O1for the termination services it has provided.  Peerless, however, has refused to pay O1

25  for properly invoiced local, intrastate switched access and interstate switched access

26  termination charges pursuant to O1's tariffs, O1 requests that the Court order Peerless to pay

27

28

COMPLAINT

1  such amounts and issue a declaratory ruling that Peerless must continue to pay termination

2  charges if it delivers future traffic to O1.

3  **THE PARTIES, JURISDICTION AND VENUE**

4       5.     Plaintiff O1 is a California corporation with its primary place of business located in

5  California. O1 is certified to provide local exchange service, including switched access and reciprocal

6  compensation in California.

7       6.     Based on information and belief, Defendant Peerless Network, Inc. is organized

8  under the laws of the State of Delaware, with its principal place of business located at 222 S.

9  Riverside Plaza, Suite 2730, Chicago, Illinois 60606. Defendant Peerless Network of

10  California, LLC is a California limited liability company, with its principal place of business

11  also located at 222 S. Riverside Plaza, Suite 2730 Chicago, Illinois 60606.

12       7.     The Peerless defendants do business in California by providing intrastate or

13  interstate telecommunications services to customers in California. Peerless Network, Inc. is

14  registered at the Federal Communications Commission as a competitive access provider

15  ("CAP") and competitive local exchange carrier ("CLEC") that provides interstate services in

16  several states, including California. Peerless Network of California, LLC received its

17  certification from the CPUC in 2008 to provide local exchange and interexchange service in the

18  State of California.

19       8.     On information and belief, Peerless is a wholesale carrier that, in exchange for a

20  fee, delivers traffic from customers on other carriers' networks to O1's network for

21  termination in California. Based on call detail records received in the normal course of

22  business from AT&T and Verizon (the tandem switch providers) such traffic includes local,

23  intrastate and interstate long distance calls. O1 has billed Peerless for termination of all three

24  types of traffic. Peerless has failed to pay amounts billed by and owed to O1 based on the

25  regulations governing intercarrier compensation and Ol's tariffs (which have the force of

26  law), as well as FCC and CPUC regulations. Thereby, Peerless has violated O1's tariffs.

27

28

COMPLAINT

9.      The majority of the traffic sent by Peerless to O1's California network consists of interstate traffic for which O1 seeks to recover pursuant to tariffs filed and approved pursuant to federal law for the purposes of 28 U.S.C. §1331.

10.      Peerless also sends local and intrastate switched access traffic to O1's California network which is governed by rules regarding reciprocal compensation and a tariff filed and approved pursuant to California state law.  To the extent O1's claims against Peerless arise under state law, those claims arise out of the same transactions and occurrences as its federal law claims and are part of the same case or controversy as the federal law claims.  Therefore, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §1367.

## INTRADISTRICT ASSIGNMENT

11.      A substantial part of the events and omissions giving rise to O1's claims occurred in the Northern District of California, where a substantial number of the intercarrier compensation charges were incurred.  Peerless maintains switching equipment in the Northern District of California and it transmitted some of its traffic to AT&T's and Verizon's tandem switches in San Francisco, where it was delivered to O1's network.  San Francisco is also the location of the CPUC, with which Peerless interacts on a regular basis in its role as a regulated carrier.  Peerless is a corporation whose contacts with the Northern District of California are sufficient to subject it to personal jurisdiction in the Northern District of California.  Venue is therefore proper under 28 U.S.C. §1391(b) and (d) in the Northern District of California, San Francisco Division.

## FACTS

12.      Under the federal and state tariff regimes, local telephone companies file tariffs setting forth the rates, terms and conditions for terminating interstate and intrastate long distance calls, and local calls, inbound from other local telephone companies and long distance companies.  The local telephone company completes, or "terminates" inbound calls to customers on its network.  Tariffs have the force and effect of law.

COMPLAINT

4

13.     O1 has two federal tariffs on file with the FCC applicable to O1's charges that form the basis for its claims in this case, O1's FCC Tariff No. 3, which became effective June 29, 2011 and FCC Tariff No. 4, which replaced Tariff No. 3 in its entirety and became effective May 14, 2014 ("O1's Federal Tariffs). O1's Federal Tariffs set forth O1's charges for terminating Peerless' interstate traffic. The tariffs also set forth terms for assessing late payment charges when an amount due is left unpaid. O1's Federal Tariffs are attached to this Complaint as Exhibits A and B.

14.     O1 additionally has a state tariff, Cal. P.U.C. No. 5-T, on file with the CPUC. This tariff became effective June 3, 2011 ("O1's State Tariff"). O1's State Tariff sets forth O1's charges for terminating Peerless' intrastate long distance traffic. O1's State Tariff also sets forth terms for assessing late payment charges when an amount due is left unpaid. O1's State Tariff is attached to this Complaint as Exhibit C. Reciprocal compensation is owed to O1 pursuant to regulations and case law governing the termination of local calls.

15.     Since July 2011, O1 has been providing termination services to Peerless and O1 has been submitting invoices to Peerless for those services since August 2011. The charges in the O1 invoices are calculated according to O1's federal and state tariffs and laws and regulations, as well late payment charges that have accrued on Peerless' unpaid balance due.  Peerless has paid a *de minimis* amount but then has refused to pay further on O1's invoices. To date, the unpaid balance, excluding late payment charges is more than $1.2 million. Accrued and unpaid late payment charges of approximately $300,000 are owed. The unpaid amounts will continue to grow each month if Peerless continues to forward traffic for termination because it will incur new charges, and late payment charges for previously unpaid invoices will accumulate on those prior amounts.

16.     Under state and federal law, O1 is obligated to accept and terminate Peerless' traffic. O1 may not block traffic from Peerless' network due to disputes over intercarrier compensation charges. Rather, O1 is obligated to file a complaint against Peerless as it is doing now.

## COUNT I:  BREACH OF FEDERAL AND STATE TARIFFS

### (47 U.S.C. 151 et seq.)

17.  O1 re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if set out in full here.

18.  As alleged more fully above, O1's Federal Tariffs filed with the FCC set forth the rates, terms and conditions under which O1 provides interstate switched access termination services.

19.  As alleged more fully above, O1's State Tariff filed with the CPUC, and state and federal law and regulations, set forth the rates, terms and conditions under which O1 provides intrastate termination services.

20.  O1's Federal and State Tariffs establish that companies that use O1's termination services are obligated to pay the charges described in those tariffs for the services and that such companies are subject to late payment charges if they do not timely pay for such services.

21.  O1 has validly billed Peerless for interstate and intrastate termination charges under its Federal and State Tariffs, laws and regulations, but Peerless has failed to pay for O1's services.

22.  Peerless has materially breached O1's Federal and State Tariffs, laws and regulations by refusing to pay O1 for the interstate and intrastate termination charges due as a result of Peerless' delivery of traffic to O1's network, thereby utilizing O1's services.

23.  O1 has been damaged by Peerless' breach of O1's Federal and State Tariffs, laws and regulations, and is entitled to recover the full amount of its damages in an amount according to proof at trial, including the full unpaid amount and late payment charges.

## COUNT II:  DECLARATORY RELIEF WITH RESPECT TO PAYMENT OF INTERCARRIER COMPENSATION

24.  O1 re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, and 17 through 23 above, as if set out fully here.

COMPLAINT

25. Despite O1's Federal and State Tariffs, and federal and state laws and regulations, O1's monthly invoices and O1's demands for payment, Peerless has failed to pay O1's invoices for termination charges and late payment charges for traffic that Peerless sent to O1's network.

26. Each month that Peerless continues to make use of O1's network without paying intercarrier compensation, O1 suffers additional damage.

27. Therefore, a controversy requiring resolution exists between the parties, which this Court has authority to resolve. *See* 28 U.S.C. § 2201.

28. O1 is entitled to a declaratory judgment that Peerless has an ongoing obligation to pay intercarrier compensation to O1 in the amounts specified in O1's invoices based on its tariffs and federal and state law for carrying Peerless' customers' traffic to its destination.

## COUNT III: QUANTUM MERUIT

29. O1 re-alleges and incorporates by reference paragraphs 1 through 16, 17 through 23 and 24 through 28 above as if set out fully here.

30. Peerless knowingly directed traffic to O1's network for termination, and Peerless has received and continues to receive valuable services from O1 that benefit Peerless and Peerless' customers.

31. O1 terminated the traffic directed to O1's network.

32. O1 sent invoices to Peerless reflecting the reasonable value of services provide to Peerless, but Peerless has not paid O1 for the services rendered.

33. Peerless is obligated to pay O1 the reasonable value of the services Peerless and its customers received.

## PRAYER FOR RELIEF

WHEREFORE, O1 prays for judgment against the Peerless defendants as follows:

A. Its actual damages, in an amount to be proved at trial, including charges for reciprocal compensation and intrastate and interstate access charges, plus late payment charges, for traffic delivered to O1 since July 2011;

B. Its costs of suit, including attorney's fees;

COMPLAINT

1    C.    Pre- and post- judgment interest;

2    D.    A declaratory judgment that Peerless has an ongoing obligation to pay

3    intercarrier compensation to O1, in the amounts specified in O1's invoices and Federal and

4    State Tariffs, for carrying Peerless' traffic;

5    E.    Such other relief as the Court may deem appropriate.

6                              **JURY DEMAND**

7    O1 demands a jury trial on all issues so triable.

8    Dated this 21st day of September 2014.          Respectfully Submitted,

9                                                    iCommLaw

10                                                   By: /s/Anita Taff-Rice_____

11                                                   Attorneys for O1 Communications, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT